# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JERRY BERG, )
 )
      Plaintiff, )
 )
vs. ) Case No. 12-1123-KHV-KGG
 )
JON L. FROBISH, *et al.*, )
 )
      Defendants. )
_____ )

## MEMORANDUM AND ORDER and
## REPORT & RECOMMENDATIONS

Before the Court are the following motions[1] filed by the parties in the above-captioned matter:

    1)    Motion for Protective Order (Doc. 10) filed by Defendants;

    2)    "Motion to Strike Pleadings from the Answer & Counterclaims" (Doc. 16) filed by Plaintiff;

    3)    "Motion for More Definite Statement of Counterclaims" (Doc. 17) filed by Plaintiff;

    4)    Motion for Protective Order (Doc. 20) filed by Defendants; and

---

[1] Also pending is the "Application for Order to Compel Records, Writ of Mandamus, Discovery & Preliminary Injunction" (Doc. 28) filed by Plaintiff. This motion is set for hearing before the undersigned Magistrate Judge on August 14, 2012.

> 5) "Second Motion to Strike Pleadings" (Doc. 25) filed by Plaintiff.

Having reviewed the submissions and exhibits presented by the parties in addition to various other relevant filings in this case, the Court is prepared to rule and provide certain recommendations to the District Court.

## BACKGROUND

The present action was initially filed in Sedgwick County District Court by Plaintiff against individual Defendant Jon Frobish, who is the property management agent for Defendant Cedar Lakes Village Condominium Association ("CLVCA"), where Plaintiff is an owner/resident of a condominium unit. (*See generally* Doc. 1-1, at 2-15.) Plaintiff also sued Gary Fugit "personally d/b/a Cross Real Estate Management," along with Cross Real Estate Management, L.L.C., Cedar Lakes Village Condominium Association ("CLVCA" or "condo association"), and Simon Palmer Properties, Inc. (*Id.*) Plaintiff's factual contentions relate to alleged disputes he had with his condo association, it's ownership, and/or its representatives. (*Id.*) Plaintiff brings various causes of against the Defendants, including Assault & Battery (against Defendant Frobish), Fraud, and violations of the Fair Debt Collection Practices Act. (*Id.*) Plaintiff also requests injunctive relief "from an intentional, knowing and illegal denial of access" to the condominium association meetings. (*Id.*, at 13-14.) Defendants

removed Plaintiff's state court Petition to federal court on April 5, 2012. Given the nature of the allegations raised in Plaintiff's Complaint, it is unsurprising, yet disappointing, that the case has, in short order, become highly contentious resulting in the motions currently at issue.

## DISCUSSION

**A.     Motion for Protective Order (Doc. 10).**

Defendants' first motion requests a protective order "prohibiting Plaintiff from directly communicating with the Defendants, including members of the Defendant CLVCA, with an admonition of sanctions should such conduct continue." (Doc. 11, at 3.) Defendants contend that Plaintiff has continued to deliver "handbills to the front doors of the condominium residents and members of the CLVCA" and "continues to copy . . . [Defendants on] email communication he sends to Defendants' attorneys, in which he continues his rants." (*Id*., at 1-2.) The Court finds the case law cited by Defendants (from the Eastern District of Washington and the Eastern District of North Carolina) to be unpersuasive. The Court is aware of no relevant case law from this District or the Tenth Circuit supporting the position that a *pro se* party is subject to the rule prohibiting licensed attorneys from contacting represented parties directly. Defendants' motion (Doc. 10) is **DENIED**.

**B.     Plaintiff's "Motion to Strike Pleadings from the Answer & Counterclaims" (Doc. 16)**.

Plaintiff moves the Court for an Order striking certain portions of Defendants' Answer (Doc. 4) and Counterclaims (Doc. 7). The portions of Defendants' Answer at issue are paragraphs 1 and 33 (Doc. 16, at pg. 1-4). The portions of Defendants' Counterclaim at issue are paragraphs 2, 3, 4, 5, 6, 7, 8, 9, and 20. (*Id*., at pg. 5-10.)

Pursuant to Fed.R.Civ.P. 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are, however, "generally disfavored and considered a drastic remedy, and which are 'usually denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties.'" *Unicredit Bank AG v. Bucheli*, 2011 WL 4036466, at *5 (D. Kan. Sept. 12, 2011) (quoting *Home Quest Mortg., L.L.C. v. American Family Mut. Ins. Co*., 393 F.Supp.2d 1096, 1099–1100 (D.Kan.2005) (internal citation omitted)).

**1.     Defendants' Answer**.

**a.     paragraph 1**.

Plaintiff contends that the inclusion of the opinion of District Attorney "Nola Fulston [sic]" in paragraph 1 of Defendants' Answer is "immaterial and impertinent." (Doc. 16, at 1.) Plaintiff has chosen to put the altercation between

4

himself and Defendant Frobish at issue by bringing a claim for assault and battery against Defendant Frobish.  While the Court does not find Ms. Foulston's report on the matter to be dispositive as to how the events at issue occurred, the Court finds the inclusion of this portion of the report to be neither "immaterial" nor "impertinent."  The Court **recommends** that this portion of Plaintiff's motion be **DENIED**.

      **b.**    **paragraph 33**.

Plaintiff next argues that Defendants' references to various judgments against Plaintiff with awards of attorneys fees to Defendants – which apparently remain unpaid – (*see* Doc. 4, at 5) are also "immaterial and impertinent."  (Doc. 16, at 3-4.)  Defendants raise these contentions in answer to Plaintiff's allegation that Defendant CLVCA sent its 2010 annual treasurer's report, which included claims that Plaintiff had unpaid debts owed to the association, to all unit owners.  (*See* Doc. 1-1, at 6.)  The Court finds these allegations to be irrelevant to paragraph 33 of Plaintiff's Petition.  They are, however, not irrelevant to Defendants' counterclaims.  As such, the Court **recommends** that this portion of Plaintiff's motion be **DENIED**.

    **2.**    **Counterclaim**.

Defendants have brought certain counterclaims against Plaintiff, including causes of action for Assault & Battery, Fraud, and Breach of Contract. Defendants also seek injunctions prohibiting Plaintiff from having any communication or contact with them. (*See generally* Doc. 7.) In the case of Defendant CLVCA, such prohibition would except "rights and privileges guaranteed by the Kansas Uniform Common Interest Owners Bill of Rights Act . . . ." (*Id*., at 8.) The Court will address Plaintiff's Motion to Strike in the context of these causes of action.

      **a.**      **paragraph 2**.

This portion of Defendant's counterclaims refers to Plaintiff's disbarment as a licensed attorney in Kansas. The Court sympathizes with Plaintiff's desire to have this information stricken and is aware of the potentially prejudicial impact. Given the fact that Plaintiff's disbarment – and the circumstances surrounding it – are matters of public record, however, the Court does not find that the inclusion of this information in Defendants' counterclaims to be unfairly prejudicial. In addition, the Court cannot say the allegations "have no possible relation to the controversy." ***Unicredit Bank AG***, 2011 WL 4036466, at *5. Plaintiff's legal training provides a frame of reference for his awareness and understanding of contracts as well as the elements of fraud. The Court therefore **recommends** that this portion of Plaintiff's motion be **DENIED**.

      **b.**    **paragraph 3**.

Plaintiff contends this paragraph, relating to his former property management experience with Defendant CLVCA, is "immaterial and impertinent." (Doc. 16, at 5.) The Court does not agree. This information contained in paragraph 3 (Doc. 7, at 1) provides relevant context for the parties' history as well as a frame of reference for Plaintiff's understanding of the agreements between the parties. The Court **recommends** that this portion of Plaintiff's motion be **DENIED**.

      **c.**    **paragraph 4**.

This paragraph discusses the alleged reasons for the termination of Plaintiff's property management contract with Defendant CLVCA. (Doc. 7, at 2.) Again, the Court sympathizes with Plaintiff's desire to have this information stricken and is aware of their potentially prejudicial impact. The Court cannot, however, find that the allegations "have no possible relation to the controversy." *Unicredit Bank AG*, 2011 WL 4036466, at *5. The Court **recommends** that this portion of Plaintiff's motion be **DENIED**.

      **d.**    **paragraphs 5 - 9**.

Paragraphs 5 through 9 contain information regarding other civil litigation and legal issues between the parties, including instances that are alleged to have

required police involvement. (Doc. 7, at 2.) The Court finds this information to be relevant to the current proceedings, particularly the dueling causes of action for Assault & Battery brought by the parties as well as Defendants' request for injunctive relief. Thus, the Court **recommends** that this portion of Plaintiff's motion be **DENIED**.

        e.       **paragraph 20**.

The information contained in this paragraph (relating to the report of District Attorney Foulston) mirrors that contained in paragraph 1 of Defendants' Answer, to which Plaintiff also objected, *supra*. As stated previously, Plaintiff has chosen to put the altercation between himself and Defendant Frobish at issue by bringing a claim for assault and battery against Defendant Frobish. Again, while the Court does not find Ms. Foulston's report on the matter to be dispositive as to how the events at issue occurred, the Court finds the inclusion of this portion of the report to be neither "immaterial" nor "impertinent." The Court therefore **recommends** that this portion of Plaintiff's motion is **DENIED**.

## C. Plaintiff's "Motion for More Definite Statement of Counterclaims" (Doc. 17).

Fed.R.Civ.P. 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but

which is so vague or ambiguous that the party cannot reasonably prepare a response." The decision whether to grant or deny a motion for more definite lies within the sound discretion of the court. ***Graham v. Prudential Home Mortgage Co., Inc.***, 186 F.R.D. 651, 653 (D.Kan.1999). Motions for more definite statement are generally disfavored by the courts and should not be used as methods of pretrial discovery. ***Feldman v. Pioneer Petroleum, Inc.***, 76 F.R.D. 83 (W.D. Ok.1977).

Rule 12(e) must be read in conjunction with Rule 8, which establishes the general rules or guidelines for pleadings. 5A Wright & Miller, Federal Practice and Procedure, § 1377 at 618 (1990). Rule 8(a) sets forth three simple requirements for pleading a complaint, which are equally applicable to Defendants' Counterclaims: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed.R.Civ.P. 8(e).

"The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." ***Ramos–Hernandez v. U.S***., 11–1073–BNB, 2011 WL 5459436, at *5 (D.Colo. Nov. 10, 2011) (citing ***Monument Builders of Greater Kansas City,***

9

*Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989)). "Once a complaint meets these requirements, the [answering party] is put on notice of the nature of . . . [the] claim." *Equal Employment Opportunity Commission v. General Electric Company*, 370 F.Supp. 1258 (W.D. Va.1973).

After reviewing Defendants' Counterclaims (Doc. 7), the Court finds that it meets the fair notice requirement of Rule 8(a) in regard to the claims for Assault & Battery and Breach of Contract as well as the request for injunctive relief. These Counterclaims, as judged by the standards set forth in Rule 12(e), are sufficient to require Plaintiff to respond. The particular information Plaintiff contends is missing from the Counterclaims (*e.g.*, the date and location of the alleged battery, which particular contract is alleged to have been breached) are arguably necessary for the framing of his Answer. As pointed out in Defendants' response, however, Plaintiff has the relevant police report and the relevant governing documents for residents. (Doc. 18, at 1-2.) The Court is satisfied that Plaintiff has sufficient information to frame an Answer in regard to these causes of action. Further, the Court is satisfied that Plaintiff can discover any more specific facts on which Defendants base their claims by the discovery devices of Rule 26 thru 37. Plaintiff's Motion for More Definite Statement (Doc. 7) is, therefore, **DENIED** in regard to Causes of Action 1, 3, and 4.

The same is not true, however, for Defendants' claim for Fraud. Pursuant to Fed.R.Civ.P. 9(b), allegations of fraud must be stated "with particularity." The Court finds that Defendants have failed to do so and have failed to provide sufficient information to allow Plaintiff the opportunity to frame an appropriate response. Of the 20 paragraphs of factual allegations contained in Defendants' Counterclaims, only one – paragraph 18 – references fraud. (*Id*., at 4.) Defendants obliquely refer to "a document fraudulently altered by the plaintiff after it had been executed to include the language, 'release of all claims.'" (*Id*.) Defendants do not identify what this document is, to whom it has been presented, when and where it was presented, or how they have been damaged in any way as a result of the alteration or presentation of this alleged document. Plaintiff's motion is, therefore, **GRANTED** in regard to Defendants' claim for fraud. Defendants are hereby instructed to supplement their Counterclaims to remove these ambiguities in order to allow Plaintiff to file his responsive pleading.

**D.     Motion for Protective Order (Doc. 20).**

Defendants next move for a protective order prohibiting Plaintiff "from coming to the Ayesh Law Offices without an invitation and ordering that the planning conference between the plaintiff *pro se* and counsel for the defendants be held by telephone." (Doc. 21, at 1.) Defendant contends that "Plaintiff has a

history of violence and explosive behavior," which has necessitated having a member of the Wichita Police Department present for the monthly CLVCA board meetings." (*Id*., at 2.) Plaintiff denies these allegations. (Doc. 23, at 1-2.)

Defendant also contends that "every" planning conference in which he has engaged in a case filed in federal court has occurred over the telephone. (*Id*.) The Court is aware that it is common (though not preferable) for planning conferences to be held over the telephone. The Court acknowledges Plaintiff's argument that there are certain benefits to having the conference held in person. (Doc. 23, at 4-5.) However, given the contentious nature of these proceedings – as well as the physically violent nature of certain claims raised in the case – the Court sees no necessity, or even benefit, to having the conference held in person. The Court orders that the Rule 26(f) conference occur telephonically.

The Court will not, however, enter an Order prohibiting Plaintiff from coming to defense counsel's office "without an invitation." Defense counsel, as a business owner, has a right to refuse access to certain individuals. If counsel believes Plaintiff's presence at his offices is unnecessary, unwelcome, and/or unsafe, counsel is free to ask Plaintiff to leave and call the relevant authorities, if necessary. Defendant's motion (Doc. 21), is, therefore, **GRANTED in part** and **DENIED in part**.

**E.     "Second Motion to Strike Pleadings" (Doc. 25)**.

Finally, Plaintiff moves for an Order striking certain portions of Defendants' "Response to Plaintiff's Motion for More Definite Statement of Counterclaims" (Doc. 18), Defendants' "Response to Plaintiff's Motion to Strike Pleadings from Answer and Counterclaims" (Doc. 19), and Defendants' "Motion for Protective Order and Memorandum in Support Thereof" (Docs. 20, 21).  The standards for a motion to strike pursuant to Fed.R.Civ.P. 12(f) are discussed in section B, *supra*.  Suffice it to say, having reviewed the information and allegations about which Plaintiff is complaining, Plaintiff has failed to establish that the Court should invoke this "drastic" remedy.  ***Unicredit Bank AG***, 2011 WL 4036466, at *5.

Given the nature of the claims contained in Plaintiff's state court Petition and Defendants' Counterclaims – not to mention the obviously and unfortunately contentious nature of the on-going relationship between the parties – there are bound to be allegations contained in each parties' filings that the opposing side will find objectionable.  This does not, however, mean that such contentions have "no possible relation to the controversy . . . ."  ***Unicredit Bank AG v. Bucheli***, 2011 WL 4036466, at *5.  This is especially true given the fact that Defendants seek injunctions prohibiting Plaintiff from communicating with or contacting them.

Allegations regarding the parties' conduct and interactions clearly will be relevant to the controversy.

Defendants respond that Plaintiff "seems to want to try the facts of this case in motion practice."  (Doc. 26, at 1.)  The Court agrees.  The Court is not in a position, nor is it inclined, to engage in on-going judicial determinations regarding the veracity and relevance of factual minutiae contained in the parties' filings – particularly in the context of the motions currently presented to the Court.  The veracity of relevant facts will be determined by the jury at trial, if necessary.  Plaintiff's motion (Doc. 25) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that the Motion for Protective Order (Doc. 10) filed by Defendants is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Strike Pleadings from the Answer & Counterclaims" (Doc. 16) is **DENIED**.

**IT IS THEREFORE FURTHER ORDERED** that the "Motion for More Definite Statement of Counterclaims" (Doc. 17) filed by Plaintiff is **GRANTED in part** and **DENIED in part**.

**IT IS THEREFORE FURTHER ORDERED** that the Motion for Protective Order (Doc. 20) filed by Defendants is **DENIED in part** and **GRANTED in part** as more fully set forth above.

**IT IS FURTHER ORDERED** that the "Second Motion to Strike Pleadings" (Doc. 25) filed by Plaintiff is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 31st day of July, 2012.

    S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge