## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JERRY BERG,                          )
                                     )
          Plaintiff,              )
                                     )
vs.                                  )        Case No. 12-1123-KHV-KGG
                                     )
JON L. FROBISH, *et al.*,            )
                                     )
          Defendants.            )
_____ )

## MEMORANDUM AND ORDER
## and REPORT & RECOMMENDATIONS

Before the Court is Plaintiff's "Application for Order to Compel Records, Writ of Mandamus, Discovery and Preliminary Injunction" (Dkt. 28). The Plaintiff is not a lawyer and appears before this Court without counsel. The Court interprets the broad, and occasionally confusing, requests in this pleading as a motion for Preliminary Injunction under Fed. R. Civ. P. 65 to compel the Defendant Cedar Lakes Village Condominium Association (Association) to permit him access to records, and to permit his attendance at Association owners' meetings, while this litigation is pending. This motion has been referred to this Magistrate Judge to make a recommendation to the District Judge. This Court held an evidentiary hearing on this matter, and heard arguments of the parties. Because the Magistrate Judge finds that the Plaintiff is substantially likely to prevail on his substantive

claim for relief on this issue, and because he will suffer irreparable harm if the provisional relief is not provided, it is **RECOMMENDED** that the motion for preliminary injunction be **GRANTED**.

The standard for granting a motion for preliminary injunction is well-established. The movant (Plaintiff) must establish (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) that the threatened injury to the movant in not receiving the provisional relief outweighs the harm the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest. *Greater Yellowstone Coal v. Flowers*, 321 F. 3d 1250, 1255 (10th Cir. 2003).

Plaintiff is the owner of a condominium in Cedar Lakes Village.  Plaintiff brought this action in state court alleging causes against various defendants which included common law assault and battery, fraud (filing a false assessment against Plaintiff's home), and violations of the federal Fair Debt Collection Practices Act.[1] Most relevant to the present motion, Plaintiff's Petition alleges that the Defendant Association violated the Kansas Uniform Common Interest Owners' Bill of Rights Act, K.S.A. 58-4601 et seq. (hereafter "the Act") by refusing to permit him to attend meetings, and by refusing to allow him access to association documents.

---

[1]Defendants removed this action to this Court on the basis of the FDCPA claim (Dkt. 1).

2

(Exhibit 1 to Dkt. 1). In this motion Plaintiff requests provisional relief to provide him access to documents and meetings during the pendency of this action.

The parties agreed at the hearing that the Association is subject to the Act and that the Plaintiff is a "unit owner" with rights under those provisions.  K.S.A. 58-4612(a) provides that meetings of the board of directors and committees of the Association authorized to act for the association must be open to unit owners unless in executive session. Additionally, the Act prescribes procedures for holding meetings of unit holders, including annual meetings and special meetings. K.S.A. 58-4611. At meetings of the unit holders, attendees are to be allowed a reasonable opportunity to comment regarding matters affecting the Association.  The Act also requires, with exceptions and conditions, that records of the Association be available for examination and copying by unit holders upon a 10-day written notice identifying the records requested. K.S.A. 58-4615(b).

Defendant Association does not dispute that it has terminated Plaintiff's rights to attend meetings and review documents. The Association argues that it is within its right to do so under K.S.A. 58-4609(a)(6), which gives an association the "power to suspend any right or privilege of a unit owner [except access to their unit and some voting rights] who fails to pay an assessment."  The Association has filed a purported assessment lien (Plaintiff's Exhibit 29), and it is agreed that the debt

3

underlying this assessment has not been paid by the Plaintiff.

The validity of this assessment lien and the validity of the underlying debt are disputed, and are the subjects of various of the parties' claims.  However, the Plaintiff declined to litigate that question for the purpose of the present hearing. Therefore, for the purpose of this motion only, the Court assumes that the underlying debt and lien are valid.

The central issue is whether this particular claimed assessment can be the basis for the denial of rights.  Although, the Act allows the suspension of rights and privileges of a unit holder who fails to pay an assessment, "assessment" is defined as:

> . . . . the sum attributable to each unit and due to the association pursuant to the budget adopted under . . . [K.S.A.] 58-4620, and amendments thereto.

K.S.A. 58-4602(a) (corrected in 2012).  K.S.A. 58-4620 requires the creation of an annual budget, and provides procedures for amending the budget during the budget period. An association may also pass a special assessment, which must be done in the regular budget process by amending the budget except in an emergency. K.S.A. 58-4620(b).

A former treasurer of the Association testified that the annual budget results in an assessment to each member based on a chart that adjusts the unit owner's

share by the size of their unit.   This process is consistent with the definition of assessment in the act, and with the language and intent of the budget provisions. However, it is undisputed that these assessments have been paid in full by the Plaintiff.

The assessment at issue is based on a provision in the Association's Declarations which provides for the payment of attorney fees to a prevailing party in certain disputes between the Association and a unit owner.  The Declarations provide that such a debt may be charged to a unit holder as a "special assessment."

The relationship between the Plaintiff and the defendant Association and some of its officers has been incendiary.[2] The present lawsuit is just the latest of a series of legal and personal battles.  Some of the state court cases have resulted in the award of attorney fees against the Plaintiff in favor of either the Association or its officers.  The Defendant Association offered evidence of these judgments (Defendants' Exhibits C, D. E and F).[3]  These Court-awarded fees were charged to the Plaintiff's unit owner account and then made the basis of the assessment at

---

[2]Evidence indicates that Plaintiff's presence at meetings has resulted in disruptions, although the fault for those incidents is disputed.  Defendants do not urge these events as grounds for barring the Plaintiff from meetings.

[3]Plaintiff objected to these exhibits which were not named in a pre-hearing list required by the Court.  Because these exhibits were known to the plaintiff, and because they relate to an issue not actually in dispute at this hearing - the legitimacy of the debt- that objection is overruled and the exhibits are admitted.

issue.

An assessment for this debt does not meet the definition of "assessment" under the Act and, cannot, therefore, be the basis for depriving the Plaintiff of protected rights.  This debt was not part of the "sum attributable *to each* unit and due to the association pursuant to the *budget*."  That definition clearly defines assessments as only the amount charged <u>in common</u> to the unit owners to pay the budget.  The Defendants argued that the attorney fees paid by the Association were, and must have been, paid out of *some* budget. Even if true, and this was not established by the evidence, this assessment is not "the sum attributable to each unit," but is a debt due only from the Plaintiff.  Because the assessment at issue does not meet the definition of assessment under the Act, its non-payment cannot justify a limitation of his rights.

The Plaintiff's evidence concerning "irreparable harm" was not overwhelming. He argued that access to documents was necessary to verify the claimed assessment and defend a possible foreclosure of the assessment lien. Defendants stipulated that they would not foreclose the lien during the pendency of this case.  Additionally, it is appropriate in light of this litigation for the Association, if it chooses, to limit the Plaintiff's contact with the Association concerning the litigation issues, and documents directly related to disputes in this

litigation, to the Association's attorneys.  The Plaintiff will be permitted to conduct discovery concerning those documents and issues in this case, so any injury caused by limiting access to that information is not irreparable.

However, the Plaintiff has an important right as a unit owner to participate in the governance of the Association.  The annual budget process is underway, with the member's meeting on the budget set for September 23, 2012.  He has a right to vote on the budget, and his ability to meaningfully exercise that right will be hampered if he is barred from meetings and denied documents.  At least as to the current budget process, and any other Association issues which arise during the pendency of this litigation, the injury caused by denying his rights will be irreparable.

Defendants offered no evidence that they will suffer any injury by allowing Plaintiff access to the meetings or documents.  The Court understands from the evidence that the Plaintiff's presence at meetings has resulted in disruptions.  The Court is unwilling to assume that the parties cannot behave civilly, and the Defendants have not urged that assumption. Unless the bylaws provide otherwise, the law requires meetings be conducted in accordance with *Roberts' Rules of Order New Revised.*  K.S.A. 58-4613(c).  Defendants do not argue that harm to the public interest will ensue by granting the present motion,

7

The Plaintiff has a right to attend meetings, and a right to acquire documents within the conditions and limitations of K.S.A. 58-4615. Therefore, the Magistrate Judge **RECOMMENDS** that Plaintiff's motion for a Preliminary Injunction be **GRANTED** with the following terms:

1. The Association shall permit the Plaintiff to attend meetings and exercise the rights of a unit holder at the meetings. The board of directors may meet in executive session without the Plaintiff pursuant to K.S.A. 58-4612 for any purpose authorized by that provision, including discussion of disputes concerning the Plaintiff. Further, the Association may, if it elects, decline to discuss any existing or potential litigation with the Plaintiff at any open meeting, and may require that Plaintiff address the Association's attorneys concerning those matters rather than addressing the board or membership at any meeting. The Plaintiff is ordered to comply with this limitation.

2. The Association shall provide the Plaintiff documents to which any unit holder would be entitled under K.S.A. 58-4615, subject to the limitations and conditions of that provision. For the purpose of this order, the parties should proceed as though no present request for records has been made (the Plaintiff should renew any past request). In addition to statutory limitations, the Association shall not be required to produce in response to such a request any

document directly related to the disputes in this lawsuit, which documents may be acquired through normal discovery in this case.

3.  The Court does not find that based on the issues before the Court the payment of security is required pursuant to Rule 65.

Pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  The failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

The following rulings are within the authority of the Magistrate Judge and are not subject to the Rule 72 review process.  The present motion (Dkt. 28) may be read to request some other relief.  To the extent the motion requests permanent injunctive (or mandamus) relief, the pleading would constitute an improper amendment to the Petition without leave and is stricken.  Fed. R. Civ. P. 15.  Such a request would appear to be redundant with the original Petition.  To the extent the motion requests the Court compel discovery production through a protective order,

the motion is DENIED.  The Court has previously ruled that discovery is premature (Dkt. 38).

IT IS SO ORDERED.

Dated at Wichita, Kansas this 17th day of August, 2012

S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge