# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JERRY BERG, )
)
         Plaintiff, )
)
vs. ) Case No. 12-1123-KHV-KGG
)
JON L. FROBISH, *et al.*, )
)
         Defendants. )
_____ )

## MEMORANDUM AND ORDER

Currently before the Court are Defendants' Motion to Amend First Amended Counterclaims (Doc. 78) and the "Motion to Add Mark G. Ayesh as a Party Defendant to Plaintiff's Fair Debt Collection Practices Act and Injunctive Relief Actions" (Doc. 89) filed by Plaintiff.[1]  Having reviewed the submissions and exhibits presented by the parties in addition to various other relevant filings in this case, the Court is prepared to rule on these two motions.

## BACKGROUND

---

[1] The Court notes that various other motions are currently pending before the Court, including Plaintiff's "Motion for an Order Compelling Disclosure and for Sanctions for Defendant's Failure to File Adequate Initial Disclosures as Required Under F.R.C.P. 26(a)" (Doc. 65), Defendants' "Motion for Order Mandating A Mental Evaluation of the Plaintiff" (Doc. 80), and Defendants' "Motion for Immediate and Emergency Protective Order" (Doc. 84). These motions will be address under separate Order(s).

The present action was initially filed in Sedgwick County District Court by Plaintiff against individual Defendant Jon Frobish, who is the property management agent for Defendant Cedar Lakes Village Condominium Association ("CLVCA"), where Plaintiff is an owner/resident of a condominium unit.  (*See generally* Doc. 1-1, at 2-15.)  Plaintiff also sued Gary Fugit "personally d/b/a Cross Real Estate Management," along with Cross Real Estate Management, L.L.C., Cedar Lakes Village Condominium Association ("CLVCA" or "condo association"), and Simon Palmer Properties, Inc.  (*Id*.)  Plaintiff's factual contentions relate to alleged disputes he had with his condo association, it's ownership, and/or its representatives.  (*Id*.)  Plaintiff brings various causes of against the Defendants, including Assault & Battery (against Defendant Frobish), Fraud, and violations of the Fair Debt Collection Practices Act ("FDCPA" or "the Act").  (*Id*.)  Plaintiff also requests injunctive relief "from an intentional, knowing and illegal denial of access" to the condominium association meetings.  (*Id*., at 13-14.)

Defendants removed Plaintiff's state court Petition to federal court on April 5, 2012.  Defendants filed their counterclaims on April 9, 2012, alleging claims for assault & battery, fraud, breach of contract, and seeking certain injunctive relief.

(Doc. 7.) The counterclaims were previously amended on August 16, 2012. (Doc. 49.)

## DISCUSSION

**A.    Standard of Review**.

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule.  ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.  ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990).  Thus, the Court will determine whether the amendments proposed by the parties could withstand a motion to dismiss.

In light of two recent Supreme Court cases, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), and now looks at what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal principles involving motions to dismiss, we review de novo a district court's denial of a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir.2009); ***Gann v. Cline***, 519 F.3d 1090, 1092 (10th Cir.2008); ***Alvarado v. KOB-TV, LLC***, 493 F.3d 1210, 1215 (2007). 'We assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ].' ***Dias***, 567 F.3d at 1178 (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See* ***Ashcroft v. Iqbal***, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).
>
> \* \* \* \*
>
> In reviewing a motion to dismiss, it is important to note 'Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'' ***Robbins v. Oklahoma***, 519 F.3d 1242, 1246 (10th Cir.2008). In the past, we 'generally embraced a liberal construction of [this] pleading requirement,' and held 'a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings....' *Id.* However, the Supreme Court has recently 'clarified' this standard, stating that 'to withstand a motion to dismiss, a complaint must contain

enough allegations of fact 'to state a claim to relief that is plausible on its face.'' *Id*. at 1247 (*quoting* **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Specifically, '[f]actual allegations must be enough to raise a right to relief above the speculative level,' ***Twombly***, 550 U.S. at 555, so that '[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.' ***Robbins***, 519 F.3d at 1247. Under this standard, 'a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss.' ***Smith***, 561 F.3d at 1098. Therefore, a plaintiff must 'frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief.' ***Robbins***, 519 F.3d at 1247 (*quoting* ***Twombly***, 550 U.S. at 556).

On the other hand, we have also held 'granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.' ***Dias***, 567 F.3d at 1178 (quotation marks and citation omitted).  'Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' ' *Id*. *(quoting **Twombly**,* 550 U.S. at 556).

In discussing the sufficiency of a complaint's allegations, we look to two Supreme Court decisions, ***Twombly*** and ***Iqbal***, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for assessing whether it is legally sufficient to state a claim for which relief may be granted.

*Phillips v. Bell*, No. 08-1042, 2010 WL 517629, * 3, 4 (10th Cir., 2010). The burden is on the party opposing the proposed amendment. *Pekareck v. Sunbeam Products*., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

**B.    Defendants' Motion for Amend Counterclaims (Doc. 78)**.

Among their counterclaims, Defendants bring a cause of action for breach of contract, generally contending that Plaintiff's allegedly outrageous and annoying behavior has breached the homeowners association agreements and contracts. In particular, they contend that "[o]ne of the mandates of the governing documents provides that homeowners should refrain from activities that impose unwanted annoyances or nuisances on their neighbors." (Doc. 49, at 9.)

In their motion at amend counterclaims, Defendants seek to provide

> (1) clarity of breach of contract claim as it relates to stigmatized value damages in the amount of $11,375,000; and (2) clarify and supplement the injunctive relief sought to make it clear that if the plaintiff does not sell his unit to the Association at its fair market value, then he is to be restricted to his residence, may not visit common areas unless it's solely for ingress and egress to his unit.

(Doc. 78, at 1.) Defendants also want to include in their claim for injunctive relief that Plaintiff shall not be allowed to use any of the association's amenities and will be enjoined from e-mailing unit owners absent written permission to do so. (*Id*., at

6

2.) Defendant's motion was timely filed in accordance with the deadline established in the Scheduling Order. (Doc. 68, at 10.)

Plaintiff responds that Defendants are merely attempting "to rectify their pleading deficiencies by adding a new liability claim and diversionary injunctive claims in lieu of missing elements of the causes of action plead in their counterclaims to this point in time." (Doc. 82, at 3.) In the Court's purview, however, a large percentage of amended pleadings are filed in an attempt to "rectify . . . pleading deficiencies . . . ." This alone certainly does not invalidate Defendants' requested changes.

As stated above, leave to amend is to be freely given. *See* **Foman**, 371 U.S. at 182, 83 S.Ct. at 230; **Frank**, 3 F.3d at 1365. Further, the burden is on the party opposing the proposed amendment. **Pekareck**, 2006 WL 1313382, at *3. Given this frame of reference, the Court cannot find that Plaintiff has met his burden to oppose the amendments proposed by Defendants. Plaintiff has not adequately argued that the causes of action would fail to withstand a motion to dismiss. **Ketchum**, 961 F.2d at 920. Instead, Plaintiff has relied on merely conclusory statements regarding the legal insufficiency of Defendants' proposed amendments. Stated another way, Plaintiff has not convinced the Court that "actual proof of

those facts is improbable, and that a recovery is very remote and unlikely."

*Twombly,* 550 U.S. at 556.

In reaching this conclusion, the undersigned Magistrate Judge is not stating an opinion as to whether Plaintiff could prevail on any potential Motion to Dismiss relating to Defendants' Amended Counterclaim.  That stated, the Court **GRANTS** Defendants' Motion to Amend First Amended Counterclaims.  (Doc. 78.)

### C.   **Plaintiff's Motion to Add Party Defendant (Doc. 89)**.

Prior to the deadline in the Scheduling Order, Plaintiff moved to add Defendants' attorney, Mark Ayesh, as a party Defendant to both his Fair Debt Collections Practices Act claim and his request for injunctive relief.  (Doc. 89.) Plaintiff claims that Ayesh is a "necessary party" as a result of "recent disclosures."  (*Id.*)  Plaintiff alleges that Ayesh

> published exaggerated debt amounts, misrepresented the identity of the creditor and character of debt (if any) owed by Berg to CLVCA, he continued collection efforts after demands to validate the claims, directed denied access to the records and used false, misleading, and deceptive representations in his collection efforts, to both Plaintiff and his neighbors.  Specifically, now after recent events, Plaintiff further alleges that Mark Ayesh, an attorney for the creditor involved in those collection efforts, sought to collect an amount that exceeded the recovery to which CLVCA was entitled under governing law.

(*Id*., at 2.) Plaintiff contends that this not only makes Ayesh directly liable under the FDCPA, it also makes him a necessary party whose absence in this litigation "might subject that cause of action to a motion to dismiss for failure to join a necessary party." (*Id*., at 9.) Defendants respond that Plaintiff's motion "is calculated to remove Mark G. Ayesh as counsel for the defendants" and "just another example of plaintiff's [mental] instability." (Doc. 97, at 2, 3.)

In order to proceed with any "motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right," the party bringing the motion "**must** . . . attach the proposed pleading . . ." to their motion. D. Kan. Rule 15.1(a). Plaintiff has failed to do so. Because this is compulsory under the rule, Plaintiff's motion should be denied on this basis alone.

In the spirit of judicial economy, the Court has attempted to evaluate Plaintiff's motion on its merits as the Court anticipates a denial of Plaintiff's motion on a procedural technicality will merely invite Plaintiff refile the motion in an attempt to cure the technical deficiency.

Even if the Court were inclined to decide the issue on its merits, however, the lack of the proposed pleading makes it virtually impossible for the Court to do so. Plaintiff's motion does not provide the Court with sufficient information to evaluate the substantive merits of any potential claims against Mr. Ayesh

9

individually. Based on the information currently available, however, the Court is not persuaded that Mr. Ayesh can be held liable under the Act.

> The FDCPA restricts practices of 'debt collectors' collecting 'debts,' but it does not impose the same restrictions on 'creditors.' *See, e.g.*, 15 U.S.C. § 1692(1); *See also* ***Schmitt v. FMA Alliance***, 398 F.3d 998, 998 (8th Cir.2005).
>
> . . . .
>
> The FDCPA defines 'creditor' as 'any person who offers or extends credit creating a debt or to whom a debt is owed.' 15 U.S.C. § 1692a(4). On the other hand, a 'debt collector' is defined as 'any person . . . **who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due [to] another**.' *Id.* § 1692a(6). In other words, a 'creditor' is one who collects his own debts and a 'debt collector' is one who seeks to collect the debts of another. The FDCPA intentionally distinguishes between debt collectors and creditors, and the two categories are mutually exclusive. *Id.*
> The FDCPA does not regulate the actions of 'creditors' . . . . *See* ***Schmitt v. FMA Alliance***, 398 F.3d 995, 998 (8th Cir.2005). The Act is aimed at debt collectors, who may have no future contact with the consumer and often are unconcerned with the consumer's opinion of them. ***Montgomery v. Huntington Bank***, 346 F.3d 693, 698–99 (6th Cir.2003). Additionally, **vicarious liability for an attorney's actions is imposed under the FDCPA only if the client itself is a debt collector and not a creditor**.

***Preszler v. Levy & Craig***, No. 1:10-CV-108, 2011 WL 666163, at *1 (D. Utah, Feb. 14, 2011) (emphasis added).

10

A lawyer is not automatically subject to liability under the FDCPA merely because he or she attempts to collect a debt on behalf of a client.  Rather, only "a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings meets the Act's definition of 'debt collector': one who 'regularly collects or attempts to collect, directly or indirectly, [consumer] debts owed ... another,' 15 U.S.C. § 1692a(6)."  **Heintz v. Jenkins**, 514 U.S. 291, 115 S. Ct. 1489, 131 L.Ed.2d 395 (1995).  The Act specifically states that to be considered a "debt collector," the "principal purpose" of that person's business must be the collection of debts owed or due to another.  15 U.S.C.A. 1692a(6) (emphasis added).  There is no evidence before the Court that Mr. Ayesh would qualify as a "debt collector" under the Act given the areas of his legal practice.  As such, Plaintiff's motion (Doc. 89) is **DENIED**.

**IT IS THEREFORE ORDERED** that Defendants' "Motion to Amend First Amended Counterclaims" (Doc. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Add Mark G. Ayesh as a Party Defendant to Plaintiff's Fair Debt Collection Practices Act and Injunctive Relief Actions" (Doc. 89) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 15th day of November, 2012.

    S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge