IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERRY BERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-1123-KHV-KGG |
| ) | |
| JON L. FROBISH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**REPORT & RECOMMENDATIONS**

Before the Court is Defendants' "Motion for Immediate and Emergency Protective Order." (Doc. 84.) The Court notes that although Defendants' motion is titled as seeking a "protective order," this is incorrect. In federal court, a request for a "protective order" is a means by which a party from whom discovery is sought may seek court intervention to forbid or limit the discovery. Fed.R.Civ.P. 26(c). The Court interprets the general language of Defendants' motion (which was not accompanied by the required legal memorandum, D. Kan. Rule 7.1(a)) as a motion for Preliminary Injunction under Fed.R.Civ.P. 65 to prohibit Plaintiff from certain activities and to require him to temporarily surrender his firearms to the

United States Marshals. (*See generally* Doc. 84.)[1] This motion has been referred to the undersigned Magistrate Judge for recommendation to the District Judge. (Doc. 92.) Because Defendants' motion is legally insufficient and there is no substantive attempt to make the required showing that Defendants are substantially likely to prevail on their substantive claim for relief on this issue, it is **RECOMMENDED** that the motion for preliminary injunction be **DENIED**. Because the Defendants' motion is legally deficient, there is no need for a hearing on their factual allegations. Pursuant to instruction from the District Court, the undersigned Magistrate Judge also **re-states its previous RECOMMENDATION** (Doc. 50) that Plaintiff's motion for a Preliminary Injunction (Doc. 28) be **GRANTED** within certain parameters, stated herein.

## BACKGROUND

The present action was initially filed in Sedgwick County District Court by Plaintiff against individual Defendant Jon Frobish, who is the property management agent for Defendant Cedar Lakes Village Condominium Association ("CLVCA" or "Association"), where Plaintiff is an owner/resident of a condominium unit. (*See generally* Doc. 1-1, at 2-15.) Plaintiff also sued Gary

---

[1] That Defendants' request is in the nature of a request for injunctive relief was noted by the District Judge in her referral of this motion to the Magistrate Judge. (Doc. 92.)

Fugit "personally d/b/a Cross Real Estate Management," along with Cross Real Estate Management, L.L.C., Cedar Lakes Village Condominium Association, and Simon Palmer Properties, Inc. (*Id*.) Plaintiff's factual contentions relate to alleged disputes he had with his condominium association, it's ownership, and/or its representatives. (*Id*.) Plaintiff brings various causes of against the Defendants, including Assault & Battery (against Defendant Frobish), Fraud, and violations of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"). (*Id*.) Plaintiff also requests injunctive relief "from an intentional, knowing and illegal denial of access" to the condominium association meetings. (*Id*., at 13-14.)

Defendants removed Plaintiff's state court Petition to federal court on April 5, 2012. Defendants filed their counterclaims on April 9, 2012, alleging claims for assault & battery, fraud, breach of contract, and seeking certain injunctive relief. (Doc. 7.) The counterclaims were previously amended on August 16, 2012. (Doc. 49.) The Court recently granted Defendants' request to amend their counterclaims a second time to provide "clarity" for their breach of contract claims and "clarify" the injunctive relief sought against Plaintiff. (Doc. 107, at 6.)

As stated in the Court's prior Report & Recommendations, the relationship between the Plaintiff and Defendant Association and some of its officers has been

3

"incendiary."[2]  (Doc. 50, at 5.)  The present lawsuit is merely the latest of a series of legal and personal battles.  Some of the state court cases have resulted in the award of attorney fees against the Plaintiff in favor of either the Association or its officers.  These Court-awarded fees were charged to the Plaintiff's unit owner account and then made the basis of the assessment at issue in Plaintiff's "Application for Order to Compel Records, Writ of Mandamus, Discovery and Preliminary Injunction."  (Doc. 28.)  That motion sought to compel Defendant Cedar Lakes Village Condominium Association ("Association") to permit Plaintiff access to records, and to permit his attendance at Association owners' meetings, while this litigation is pending.  The motion was referred to the undersigned Magistrate Judge for recommendation to the District Judge.

This Court held an evidentiary hearing on August 14, 2012, on Plaintiff's motion.  At that hearing, Defendants clearly limited their argument that Plaintiff was <u>not</u> entitled to attend meetings to his failure to pay the "assessment."  They expressly refused to claim that Plaintiff's conduct should be considered on that issue.  This Court found that Plaintiff is substantially likely to prevail on his

---

[2] Evidence indicates that Plaintiff's presence at meetings has resulted in disruptions, although the fault for those incidents is disputed.  In the previous hearing on Plaintiff's request for a preliminary injunction, Defendants did not urge these events as grounds for barring the Plaintiff from meetings.

substantive claim for relief on this issue and would be likely to suffer irreparable harm if the provisional relief is not provided. As such, the undersigned Magistrate Judge recommended to the District Judge that Plaintiff's motion for preliminary injunction be granted. (Doc. 50). In conjunction with Defendant's current motion, the District Court has also requested that the undersigned Magistrate Judge "reconsider his earlier Memorandum And Order And Report And Recommendations (Doc. #50) in light of the additional information in defendants' motion (Doc. #84) and prepare a supplemental report and recommendation which either changes or re-states his prior recommendations." (Doc. 92, text only.)

## DISCUSSION

**A.     Legal Standard**.

The standard for granting a motion for preliminary injunction is well-established. The movant (Defendant) must establish (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) that the threatened injury to the movant in not receiving the provisional relief outweighs the harm the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest. ***Greater Yellowstone Coal v. Flowers***, 321 F. 3d 1250, 1255 (10th Cir. 2003).

**B.     Defendants' Motion for Preliminary Injunction**.

The motion at issue is technically insufficient. D. Kan. Rule 7.1 requires that all motions, "unless made during a hearing or at a trial," must be accompanied by a brief or memorandum. Defense counsel neglected to file the mandatory supporting memorandum and, instead, chose to rely on a two page motion that cites no legal authority. The Court finds this to be especially problematic given the severity of the injunctive relief being requested.

Further, Defendants' failure to provide the required legal support for the requested relief leaves the Court guessing about the legal basis, if any, for this motion. Defendants' Second Amended Counterclaim (Doc. 79) alleges that Plaintiff has breached a "mandate" in a governing document which requires that homeowners should refrain from activities that "impose unwanted annoyances or nuisances on their neighbors." Assuming that factual support for such a breach of contract claim could be presented, Defendants have made no legal showing that such a breach could support the relief they have requested, namely (1) an order confining Plaintiff to his home except for "ingress and egress and emergencies;" (2) an order prohibiting Plaintiff from coming on to property of any board member or Defendant; (3) an order prohibiting Plaintiff from attending board meetings until the District Judge rules on this Court's previous recommendation on that matter; and (4) an order requiring Defendant to temporarily surrender his firearms to the

United States Marshall.  The Court is dubious that Defendants' breach of contract claim could support such relief.  Because Defendants have provided no legal support for the likelihood of success on the merits as to the requested injunctive relief, a factual hearing would be futile, and the motion must be denied.

The Court continues to discourage breaches of the peace between these parties and expects the parties to contact proper local authorities to resolve such confrontations.  Obviously, Plaintiff's presence upon the property of any individual board member could be a trespass if considered so by state and local law.  This Court's previous recommendation concerning Plaintiff's right to attend board meetings is not final until and unless affirmed by the District Judge.  Whether or not Defendants' continued attempts to bar Plaintiff from meetings are lawful is a question for later ruling in this case.  However, Plaintiff is admonished that he is not to force his attendance upon Defendant Association if such would cause a breach of the peace, even if it is later determined that the Association acted unlawfully in barring him.  There is no claim that Plaintiff's possession of firearms is unlawful, and no cause of action pled which could result in an order depriving Plaintiff of possession of his firearms.

In light of the technical and substantive deficiencies of Defendants' motion, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' "Motion for

Immediate and Emergency Protective Order" be **DENIED**.

## C. Reconsideration of Prior Report & Recommendations on Plaintiff's "Application for Order to Compel Records, Writ of Mandamus, Discovery & Preliminary Injunction" (Doc. 28).

Plaintiff's Petition alleges that Defendant Association violated the Kansas Uniform Common Interest Owners' Bill of Rights Act, K.S.A. 58-4601, *et seq*., (hereafter "the Act") by refusing to permit him to attend meetings, and by refusing to allow him access to association documents. In the motion (Doc. 28) that was the subject of this Court's prior Report & Recommendation (Doc. 50), Plaintiff sought provisional relief to provide him access to documents and meetings during the pendency of this action.

At the hearing on Plaintiff's motion, Defendant Association did not dispute that it terminated Plaintiff's rights to attend meetings and review documents for the sole reason that Plaintiff has failed or refused to pay a debt underlying an assessment lien filed by Defendant Association. The Association argued that it is within its right to do so under K.S.A. 58-4609(a)(6), which gives an association the "power to suspend any right or privilege of a unit owner [except access to their unit and some voting rights] who fails to pay an assessment." Again, this was the sole argument advanced by Defendants in the context of Plaintiff's motion. There was no briefing, nor argument at the hearing, that Plaintiff should be excluded from

meetings or denied documents because he posed a danger to "himself and others."

Thus, the central issue before the Court in regard to Plaintiff's previous motion was whether the particular claimed assessment can be the basis for the denial of rights. Although, the Act allows the suspension of rights and privileges of a unit holder who fails to pay an assessment, "assessment" is defined as:

> . . . . the sum attributable to each unit and due to the association pursuant to the budget adopted under . . . [K.S.A.] 58-4620, and amendments thereto.

K.S.A. 58-4602(a) (corrected in 2012). The assessment at issue is based on a provision in the Association's Declarations which provides for the payment of attorney fees to a prevailing party in certain disputes between the Association and a unit owner. The Declarations provide that such a debt may be charged to a unit holder as a "special assessment."

This Court previously held – and continues to maintain – that an assessment for this debt does not meet the definition of "assessment" under the Act and, cannot, therefore, be the basis for depriving the Plaintiff of protected rights. This debt was not part of the "sum attributable *to each* unit and due to the association pursuant to the *budget*." That definition clearly defines assessments as only the amount charged <u>in common</u> to the unit owners to pay the budget. Defendants argued that the attorney fees paid by the Association were, and must have been,

paid out of *some* budget.  Even assuming this to be true – and this was <u>not</u> established by the evidence presented by Defendants at the hearing – this assessment is not a "sum attributable to each unit."  Rather, this is a debt due only from Plaintiff.  Because the assessment at issue does not meet the definition of assessment under the Act, its non-payment cannot justify a limitation of his rights.

Following oral argument at the August 14, 2012, hearing on Plaintiff's motion, this Court held that Plaintiff has an important right as a unit owner to participate in the governance of the Association, he has a right to vote on the Association's budget, and his ability to meaningfully exercise that right will be hampered if he is barred from meetings and denied documents.  The Court also found that as to this and any other Association issues which arise during the pendency of this litigation, the injury caused by denying Plaintiff's rights would be irreparable.

Defendants failed to offer evidence that they would suffer any injury by allowing Plaintiff access to the meetings or documents.  At this point – and considering additional factual allegations contained in Defendant's motion (Doc. 84) – it is obvious that Plaintiff's presence at meetings has resulted in disruption.  At the prior hearing, however, Defendants did not argue that the Association would be unable to conduct its business with Plaintiff present or that the parties would be

unable to act civilly. Despite Defendants' latest factual assertions (Doc. 84, at ¶¶ 4-7, 10-11) of continued disruption, there is no indication that the parties cannot or will not act within the parameters of a final, relevant Order from the District Court mandating their behavior on these occasions.

This Court previously recommended that the District Court hold that Plaintiff has a right to attend meetings, and a right to acquire documents within the conditions and limitations of K.S.A. 58-4615. The undersigned Magistrate Judge has been presented with no new legal grounds to cause it to reverse its previous determination. As such, the Court **re-states its previous RECOMMENDATION** that Plaintiff's motion for a Preliminary Injunction be **GRANTED** with the following terms:

> 1. The Association shall permit the Plaintiff to attend meetings and exercise the rights of a unit holder at the meetings. The board of directors may meet in executive session without the Plaintiff pursuant to K.S.A. 58-4612 for any purpose authorized by that provision, including discussion of disputes concerning the Plaintiff. Further, the Association may, if it elects, decline to discuss any existing or potential litigation with the Plaintiff at any open meeting, and may require that Plaintiff address the Association's attorneys concerning those matters rather than addressing the board or membership at any meeting. The Plaintiff is ordered to comply with this limitation.
>
> 2. The Association shall provide the Plaintiff

>> documents to which any unit holder would be entitled under K.S.A. 58-4615, subject to the limitations and conditions of that provision. For the purpose of this order, the parties should proceed as though no present request for records has been made (the Plaintiff should renew any past request). In addition to statutory limitations, the Association shall not be required to produce in response to such a request any document directly related to the disputes in this lawsuit, which documents may be acquired through normal discovery in this case.

> 3. The Court does not find that based on the issues before the Court the payment of security is required pursuant to Rule 65.

Pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. The failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas this 19th day of November, 2012.

S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge