# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JERRY BERG,                           )
                                      )
       Plaintiff,              )
                                      )
vs.                                   )   Case No. 12-1123-KHV-KGG
                                      )
JON L. FROBISH, *et al.*,             )
                                      )
       Defendants.             )
_____ )

## ORDER DENYING DEFENDANT'S
## MOTION FOR A MENTAL EVALUATION OF THE PLAINTIFF

Before the Court is Defendant's motion requesting an Order that Plaintiff be evaluated by a mental health professional under Fed.R.Civ.P. 35. (Doc. 80.) In support of this motion, Defendants allege facts describing erratic conduct by Plaintiff, described by Defendants as "psychotic." Much of the conduct allegedly occurred in the neighborhood of the Defendant condominium association ("Association"). Defendants argue that the mental condition of Plaintiff is "in controversy" because Plaintiff is "psychotic and dangerous."

Fed.R.Civ.P. 35 provides the Court discretion to order a party whose mental condition is "in controversy" to submit to a medical examination upon a showing of "good cause." ***Theissen v. General Electric Capital Corp.***, 178 F.R.D. 568 (D. Kan. 1998). However, Defendants' belief that Plaintiff is "psychotic and

dangerous," even upon proof of the alleged conduct, does not place Plaintiff's mental condition "in controversy." That question must be answered in light of the legal claims in the case.

A mental examination is a substantial intrusion upon a party's privacy. Such an exam should not be automatically ordered for a person who has not affirmatively put into issue his own mental condition. "Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule." *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964).

Defendants make no effort in their sparse legal argument in support of this motion to tie the requested examination to any claim by either Defendants or Plaintiff. The only vague reference to the claims in this case is the comment in Defendants' summary of the nature of the case that Defendants are seeking permanent injunctions against Plaintiff from having any contact with any of the Defendants. (Doc. 80, page 1-2.) According to Defendants' Second Amended Counterclaim (Doc. 79), the request for injunctive relief is requested as a remedy for Plaintiff's alleged breach of contract provisions in condominium documents prohibiting homeowners from "activities that impose unwanted annoyances or nuisances on their neighbors." Even if Plaintiff's alleged conduct breached this provision, the breach occurred regardless of Plaintiff's mental state.

Defendants have cited no law to support the proposition that Plaintiff's mental state is admissible to prove a claim for breach of contract. This is not a state court mental illness hearing. *Compare* K.S.A. 59-2957. Claims that Plaintiff is mentally ill and dangerous may properly be brought elsewhere.

Defendant's motion for a Rule 35 examination is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 20th day of November, 2012

        s/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge