# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JERRY L. BERG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1123-KHV |
| **JON L. FROBISH, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

This Court referred the following motions to United States Magistrate Judge Kenneth G. Gale for a report and recommendation: (1) plaintiff's Application For Order To Compel Records, Writ Of Mandamus, Discovery & Preliminary Injunction (Doc. #28) filed April 29, 2012; and (2) defendants' Motion For Immediate And Emergency Protective Order (Doc. #84) filed October 17, 2012. The Court referred plaintiff's motion on May 4, 2012 and following an evidentiary hearing, Judge Gale issued his report and recommendations on August 17, 2012. See Memorandum And Order And Report & Recommendations (Doc. #50). When defendants filed their motion, which requested to enjoin plaintiff from certain actions and is in the nature of a request for injunctive relief, the Court also referred that motion and directed Judge Gale to reconsider his August 17, 2012 Memorandum and Order and Report and Recommendations in light of the additional information in defendants' motion. See Doc. #92.

Judge Gale issued another report with recommendations on November 19, 2012. See Report & Recommendations (Doc. #109). He recommended that the Court deny defendants' motion and restated his recommendation that the Court grant plaintiff's motion with the following terms:

> 1. The Association shall permit the Plaintiff to attend meetings and exercise the rights of a unit holder at the meetings. The board of directors may meet in executive session without the Plaintiff

>    pursuant to K.S.A. 58-4612 for any purpose authorized by that provision, including discussion of disputes concerning the Plaintiff. Further, the Association may, if it elects, decline to discuss any existing or potential litigation with the Plaintiff at any open meeting, and may require that Plaintiff address the Association's attorneys concerning those matters rather than addressing the board or membership at any meeting. The Plaintiff is ordered to comply with this limitation.
>
> 2. The Association shall provide the Plaintiff documents to which any unit holder would be entitled under K.S.A. [58-4616],[1] subject to the limitations and conditions of that provision. For the purpose of this order, the parties should proceed as though no present request for records has been made (the Plaintiff should renew any past request). In addition to statutory limitations, the Association shall not be required to produce in response to such a request any document directly related to the disputes in this lawsuit, which documents may be acquired through normal discovery in this case.
>
> 3. The Court does not find that based on the issues before the Court the payment of security is required pursuant to Rule 65.

Id. at 11-12. This matter is before the Court on Defendants' Objections To Report And Recommendations (Doc. 109) (Doc. #126) filed November 30, 2012. In their objections, defendants do not address Judge Gale's recommendation that this Court deny defendants' Motion For Immediate And Emergency Protective Order (Doc. #84) filed October 17, 2012, and the Court therefore adopts the recommendation as unopposed. Defendants do challenge Judge Gale's recommendation that this Court grant plaintiff's Application For Order To Compel Records, Writ Of Mandamus, Discovery & Preliminary Injunction (Doc. #28) filed April 29, 2012, but their legal arguments are flawed and sometimes frivolous and they challenge Judge Gale's disposition of the matter in a disrespectful and inappropriate manner. If defendants include similarly disrespectful statements in any future filing, the

---

[1] The original refers to K.S.A. § 58-4615, which must be a typographical error as no section exists with that number.

-2-

Court will strike the entire filing without notice.

Plaintiff has responded to defendants' objections and agrees that Judge Gale's recommended conditions are appropriate. See Plaintiff's Response To Defendants' Objections To Magistrate Judge Gale's 8/17/12 & 11/19/12 Memorandum And Orders (Doc. 50 & Doc. 109) (Doc. #127) filed December 1, 2012 at 19.

The Court has conducted a de novo review of Judge Gale's well-reasoned report and recommendation. After reviewing the report and recommendation and the parties' submissions, the Court finds that the report and recommendation should be adopted in its entirety.

**IT IS THEREFORE ORDERED** that the Report & Recommendations (Doc. #109) filed November 19, 2012 be and hereby is adopted in its entirety.

**IT IS FURTHER ORDERED** that Defendants' Objections To Report And Recommendations (Doc. 109) (Doc. #126) filed November 30, 2012 be and hereby is **OVERRULED**.

Dated this 11th day of March, 2013, at Kansas City, Kansas.

                                             s/ Kathryn H. Vratil
                                             KATHRYN H. VRATIL
                                             United States District Judge