# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JERRY BERG, )
        Plaintiff, )
vs. ) Case No. 12-1123-KHV-KGG
JON L. FROBISH, *et al.*, )
        Defendants. )

## MEMORANDUM AND ORDER
## and REPORT & RECOMMENDATIONS

Before the Court is Plaintiff's "Motion for Emergency Preliminary Injunction for Order to Compel Budget, Records, and Access to Meetings or for a Writ of Mandamus." (Doc. 115.) The Court finds that the issues presented and relief requested are redundant of Plaintiff's previously filed "Application for Order to Compel Records, Write of Mandamus, Discovery & Preliminary Injunction," which was filed by Plaintiff on April 28, 2012. (Doc. 28, hereinafter "initial motion.")

Upon referral from the District Court, the undersigned Magistrate Judge held an evidentiary hearing on Plaintiff's initial motion and heard arguments of the parties on August 14, 2012. As a result of the hearing, this Court found that the Plaintiff would be substantially likely to prevail on his substantive claim for relief

and would suffer irreparable harm if the provisional relief requested in Plaintiff's initial motion was not provided. This Court thus issued a recommendation to the District Court that Plaintiff has a right to attend meetings and a right to acquire documents within the conditions and limitations of K.S.A. § 58-4615. (*See* Doc. 50, at 8.) The undersigned also recommended that Plaintiff's motion for a Preliminary Injunction be granted with the following terms:

> 1. The Association shall permit the Plaintiff to attend meetings and exercise the rights of a unit holder at the meetings. The board of directors may meet in executive session without the Plaintiff pursuant to K.S.A. § 58-4612 for any purpose authorized by that provision, including discussion of disputes concerning the Plaintiff. Further, the Association may, if it elects, decline to discuss any existing or potential litigation with the Plaintiff at any open meeting, and may require that Plaintiff address the Association's attorneys concerning those matters rather than addressing the board or membership at any meeting. The Plaintiff is ordered to comply with this limitation.

> 2. The Association shall provide the Plaintiff documents to which any unit holder would be entitled under K.S.A. § 58-4615, subject to the limitations and conditions of that provision. For the purpose of this order, the parties should proceed as though no present request for records has been made (the Plaintiff should renew any past request). In addition to statutory limitations, the Association shall not be required to produce in response to such a request any document directly related to the disputes in this lawsuit, which documents may be acquired through normal discovery in this case.

> 3. The Court does not find that based on the issues before the Court the payment of security is required pursuant to Rule 65.

(*See* Doc. 50, at 8-9.) Thereafter, and pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72, Defendants filed their objection to the R&R.[1] (Doc. 57.)

Defendants subsequently filed their Motion for Immediate and Emergency Protective Order (Doc. 84) on October 17, 2012. The District Court also referred this motion to the undersigned Magistrate Judge on October 23, 2012 (Doc. 92), noting that the motion "requests to enjoin plaintiff from certain actions and is in the nature of a request for injunctive relief." The District Court asked the undersigned Magistrate Judge to "reconsider" the earlier recommendations (Doc. 50) "in light of the additional information in defendants' motion . . . and prepare a supplemental report and recommendation which either changes or re-states his prior recommendations." (Doc. 92, text entry.)

This Court issued the requested report on November 19, 2012, recommending that Defendant's motion (Doc. 84) be denied and restating its recommendation that Plaintiff's initial motion (Doc. 28) be granted. (*See* Doc. 109.)

---

[1] This objection was recently resolved by the District Court, discussed below.

On March 11, 2013, the District Court issued its Order (Doc. 195) adopting this Court's November 19, 2012, recommendation (Doc. 109) in it's entirety, including points 1 - 3, enumerated herein *supra*. Thus, Defendants' motion (Doc. 84) has been denied and Plaintiff's motion (Doc. 28) has been granted by the District Court.

As such, the Court finds Plaintiff's current motion (Doc. 115) to be both redundant and moot, and **recommends** that it be **DENIED**. The Court notes that this recommended denial does not change or impact the undersigned Magistrate Judge's previous recommendations (Docs. 50, 109) that the District Court grant Plaintiff's initial request for a preliminary injunction (Doc. 28), nor does it have any impact on the District Court's recent Order (Doc. 195) adopting these recommendations. The Court incorporates its previous findings and recommendations (Docs. 50, 109) herein by reference.

The parties shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. The failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended

disposition.

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas this 13th day of March, 2013.

                                          S/ KENNETH G. GALE
                                          KENNETH G. GALE
                                          United States Magistrate Judge