# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERRY BERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1123-KHV-KGG |
| | ) |
| JON L. FROBISH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff requests a Protective Order from this Court on the grounds that a letter from defense counsel to neighborhood residents and a later e-mail from defense counsel to neighborhood residents constitute witness tampering. (Doc. 238.) Plaintiff claims that the letters tell residents that they may not talk to Plaintiff and "imply" that Plaintiff's attempts to contact them would be criminal. With a limited exception, the Court disagrees with this characterization.

The April 30, 2013, letter from defense counsel to neighborhood residents explains the nature of the pending hearing on Defendants' Motion for Preliminary Injunction and advises that some of the residents will be called as witnesses. (Doc. 238-1.) The letter advises residents that they are "under no obligation" to communicate with Plaintiff. The letter also advises the residents that if Plaintiff

attempts to "antagonize, threaten or interfere" with their participation in the process, it should be reported and could be considered witness tampering. In no part of this letter does defense counsel request or advise residents not to speak with Plaintiff. This letter does not constitute witness tampering.

The second communication is an e-mail dated May 3, 2013, which was apparently prompted by the filing of another lawsuit by Plaintiff against some of the same Defendants in this case and against some additional Defendants. (U.S. District Court for the District of Kansas Case No. 13-1164-EFM.) In this message, addressed to "The Residents of Cedar Lake," defense counsel tells the recipients that another lawsuit has been brought "naming many of you personally." (Doc. 244-1.) Defense counsel advises that he will be represent the individual Defendants. He then states "[a]s your representative, I am instructing you not to communicate with Mr. Berg or his wife for any reason." (*Id.*)

This communication is not inappropriate insofar as the non-communication instruction is limited to defense counsel's clients. The Court interprets this as the intent of the message. However, the address of the communication to "Residents" causes the Court some concern that, although not so intended by defense counsel, the communication was sent to a broader audience which could interpret the instruction not to communicate with Plaintiff to apply to those who are not clients. ("Clients" in this context would include those represented by defense counsel

personally in either case, and persons who are in official positions with corporate clients.)

To address this concern, the Court Orders that defense counsel send the following communication to residents of the neighborhood who are not "clients":

> To the Residents of Cedar Lake: We are the attorneys for Cedar Lakes Village Condominium Association and other corporate and individual Defendants in two lawsuits with Jerry Berg. We are preparing for a hearing on our Motion for Protective Order, which is set for May 21, 2013. Mr. Berg is also preparing for that hearing. You may be called as a witness, either by us or by Mr. Berg. Mr. Berg may attempt to communicate with you about the lawsuits or that hearing. The Court has ordered that we advise you that you may, but are not required to, communicate with Mr. Berg or anyone else concerning that matter.

This communication shall be sent to the necessary individuals in the same manner as the May 3, 2013, e-mail on or before Monday, May 13, 2013. Thus, Plaintiff's "Motion for Protective Order" (Doc. 238) is **GRANTED in part** and **DENIED in part** as set forth above. Plaintiff's related motion to supplement the underlying Motion for Protective Order (Doc. 244) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita , Kansas, this 9th day of May, 2013.

                                               s/ KENNETH G. GALE  
                                              Kenneth G. Gale  
                                              United States Magistrate Judge