# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JERRY L. BERG, )
 )
     **Plaintiff/** )
     **Counterclaim Defendant,** )
 ) CIVIL ACTION
v. )
 ) No. 12-1123-KHV
JON L. FROBISH, et al., )
 )
     **Defendants/** )
     **Counter Claimants.** )
_____)

## MEMORANDUM AND ORDER

Plaintiff brings an action against Cedar Lakes Village Condominium Association ("the Association") and others for assault and battery, fraud, violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, and injunctive relief arising out of ongoing disputes between the parties. Defendants bring counterclaims for assault and battery,[1] fraud, breach of contract and injunctive relief. This matter is before the Court on plaintiff's <u>Motion To Dismiss Counterclaim For Breach Of Contract And Proposed Second Amended Cause For Breach Of Contract (Covenant Of Land Use Rights) For Failure To Plead A Justiciable Cause Of Action</u> (Doc. #105) filed November 5, 2012. Plaintiff, an owner and member of the Association,[2] seeks dismissal of the Association's counterclaim for breach of contract. <u>See</u> Second Amended Counterclaims (Doc. #79) filed November 12, 2012. Plaintiff argues that the Association's breach of contract counterclaim fails to plead an essential element and fails to assert any legally cognizable basis for damages, and that it should therefore be dismissed pursuant to

---

[1] Jon Frobish is the only defendant to bring the assault and battery counterclaim, and Frobish is the only party whom plaintiff names in the same cause of action.

[2] The Association is a Kansas condominium corporation.

Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons the Court overrules plaintiff's motion.

## **Legal Standards**

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint or counterclaim must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether it states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991). Here, defendant bears the burden of framing its counterclaim with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Defendant makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that plaintiff is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Defendant must show more than a sheer possibility that plaintiff has acted unlawfully – it is not enough to plead facts that are "merely consistent with" liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief.

Id. at 1950. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

**Facts**

The counterclaim alleges the following facts:

Plaintiff served as the Association's property manager for approximately three years. The Association terminated the relationship because plaintiff breached the services contract and he intimidated, frightened and appalled residents with bizarre and outrageous behavior. The Association board has made police reports and individuals have sought legal protection against harassment by filing "Protection From Stalking" actions against plaintiff in the District Court of Sedgwick County, Kansas. At virtually every monthly board meeting and all semi-annual member meetings, police are present to observe and intervene if plaintiff explodes or becomes violent and/or verbally abusive. Plaintiff has engaged in perpetual litigation against the Association and its residents. The second amended counterclaim recounts specific incidents of plaintiff's conduct, as do dozens of other documents and many hours of testimony before Magistrate Judge Kenneth G. Gale.

In January of 2010, plaintiff filed a civil action in Sedgwick County District Court for an injunction and temporary restraining order against the Association and some condominium residents. The action included allegations of intentional, knowing and illegal denial of access to condominium records. The state court granted summary judgment to defendants and awarded the Association

$3,526.97 in costs and attorney's fees.[3] In a subsequent action against the Association and others, the Sedgwick County District Court granted defendants' motion for judgment on the pleadings and awarded the Association $3,650 in attorney's fees. Plaintiff has failed to pay these judgments. Although plaintiff claims that the Association settled the judgments for $100, he fraudulently altered a document on which he relies to substantiate his claim.

In its breach of contract counterclaim, the Association asserts that as a unit owner, plaintiff is governed by various contracts and documents that pertain to the Cedar Lake Village Condominium development. These documents mandate that homeowners refrain from activities that impose unwanted annoyances or nuisances on their neighbors, and that homeowners pay assessments and/or financial obligations to the Association. The Association alleges that plaintiff's conduct constitutes a nuisance under the governing documents, and that plaintiff's refusal to pay his financial obligations violates those documents. With respect to damages, the Association asserts that realtors do not want to show and unit owners cannot sell their units, and that would-be sellers must disclose plaintiff's existence on a seller's condition report. The Association asserts that plaintiff's behavior has stigmatized the value of the Cedar Lakes Village Condominiums in the estimated amount of $11,325,000.

In his petition,[4] plaintiff alleges and the Association admits that the Association's Declaration is an official document duly recorded in the Sedgwick County Register of Deeds, and that it includes all required elements that define a condominium association corporation under the Kansas Apartment Ownership Act, K.S.A. §§ 58-3101 to 58-3129. Plaintiff attaches as an exhibit to his petition a copy

---

[3] The second amended counterclaim also alleges that the state court awarded separate attorney's fees to other counter-claimants.

[4] Plaintiff filed this action in Sedgwick County District Court, and defendants removed the action to this Court.

of a "Statement of Assessment Lien" dated November 22, 2010, which the Association created to provide notice of its lien against plaintiff's unit in the amount of $9,248.47.  Plaintiff disputes the assessment upon which the lien is based but does not challenge the Association's authority to make proper assessments.

**Analysis**

The elements of a breach of contract claim are as follows:  (1) the existence of a contract between the parties; (2) consideration; (3) defendants' performance or willingness to perform in compliance with the contract; (4) plaintiffs' breach of the contract; and (5) damage on account of the breach.  Britvic Soft Drinks Ltd. v. ACSIS Techs., Inc., 265 F. Supp.2d 1179, 1187 (D. Kan. 2003).

Plaintiff contends that the Association's counterclaim for breach of contract fails to plead an essential element of the cause of action and fails to assert a legally cognizable basis for damages.  The Association asserts that the contracts in this case – the Association's declaration and the Cedar Lake Village Condominium Rules, Regulations & Policies – are uncontroverted, binding on plaintiff and set forth clear obligations.

The Court agrees that the declaration operates in the nature of a contract.  See, e.g., 2 Restatement (Third) of Property, § 6.13, comment (c) (property owners may bring contract suits pursuant to condominium association governing documents).  Plaintiff does not contest the validity of the declaration, which guarantees that each owner is entitled to the exclusive ownership, use and possession of his or her unit and the adjoining limited common areas.  This guarantee, however, is subject to the provisions of the Kansas Apartment Ownership Act,[5] the Association bylaws, the declaration and the Association rules and regulations.  See Declaration § 3.1(E), Doc. #112-1 at 16.

---

[5]      K.S.A. §§ 58-3101 to 58-3129.

Indeed, the Apartment Ownership Act imposes the following obligations:

> Each apartment owner shall comply strictly with the bylaws and with the administrative rules and regulations adopted pursuant thereto, . . . and with the covenants, conditions and restrictions set forth in the declaration. . . . Failure to comply with any of the same shall be ground for an action to recover sums due, for damages or injunctive relief or both maintainable by the manager or board of directors on behalf of the association.

K.S.A. § 58-3107.

Accordingly, plaintiff is bound to observe all of the Association's governing documents. Plaintiff does not dispute the validity of the documents and thus concedes the existence of a contract. The Association alleges that plaintiff's conduct constitutes a breach of the governing documents, and that the Association has suffered damages caused by plaintiff's breach. The Association has adequately stated a claim for breach of contract.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Dismiss Counterclaim For Breach Of Contract And Proposed Second Amended Cause For Breach Of Contract (Covenant Of Land Use Rights) For Failure To Plead A Justiciable Cause Of Action (Doc. #105) filed November 5, 2012 be and hereby is **OVERRULED**.

Dated this 4th day of June, 2013, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
