# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JERRY L. BERG,** | ) |
| | ) |
|     **Plaintiff/** | ) |
|     **Counterclaim Defendant,** | ) |
| | )   **CIVIL ACTION** |
| **v.** | ) |
| | )   **No. 12-1123-KHV** |
| **JON L. FROBISH, et al.,** | ) |
| | ) |
|     **Defendants/** | ) |
|     **Counter Claimants.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

In this removed action, plaintiff brings suit against Jon L. Frobish, Gary Fugit d/b/a Cross Real Estate Management, Cross Real Estate Management L.L.C. ("CREM"), Cedar Lakes Village Condominium Association ("CLVCA") and Simon Palmer Properties, Inc. ("Palmer"). Plaintiff asserts a claim for assault and battery against Frobish (Count 1); a claim for fraud against all defendants (Count 2); a request for injunctive relief against all defendants to allow plaintiff access to certain CLVCA records (Count 3); a claim for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., against all defendants (Count 4); and a request for injunctive relief against all defendants to allow plaintiff to attend CLVCA owner and board of director meetings (Count 5). Defendants assert various counterclaims: Frobish asserts a counterclaim for assault and battery (Count 1); Fugit, CREM, CLVCA and Palmer assert a counterclaim for fraud (Count 2); CLVCA asserts a counterclaim for breach of contract (Count 3); and all defendants seek injunctive relief to prohibit plaintiff from communicating or having contact with them or his neighbors, to require plaintiff to sell his unit and to regulate plaintiff's presence outside of his unit (Count 4).

The parties have filed approximately 350 documents in this case, many of which are quite

lengthy. There are 13 outstanding motions and two objections to a magistrate judge report and recommendations. Any civility that might have existed between the parties has long since evaporated. The filings contain name-calling and multiple redundancies, display the individuals' disdain for their opponents and reflect nearly maniacal desires to control and punish each other. After a thorough review of the record, the Court concludes that the only relevant issue to be addressed in this federal court action is contained in one of the motions for summary judgment. Accordingly, this matter is before the Court on Defendants' Motion For Summary Judgment (Doc. #351) filed August 16, 2013. In their motion, defendants seek summary judgment on all claims in plaintiff's petition. For reasons set forth below, the Court sustains defendants' motion on the alleged violations of the FDCPA. Because the sole basis for federal court jurisdiction is the FDCPA and the Court declines to exercise supplemental jurisdiction over the remaining claims and counterclaims, the Court remands this action.

## **Legal Standards**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving parties are entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A "genuine" factual dispute is one "on which the jury could reasonably find for the plaintiff," and requires more than a mere scintilla of evidence. Liberty Lobby, 477 U.S. at 252. A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

The moving parties bear the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d

1080, 1085 (10th Cir. 2008). Once the moving parties meet their burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial with respect to the dispositive matters for which he carries the burden of proof. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on his pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250-51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

**Facts**

Collectively, the parties have written more than 130 pages of facts in their summary judgment briefs, and precious few are uncontroverted. For purposes of the relevant issue, however, relatively few facts are material. The following facts are either uncontroverted, deemed admitted or construed in the light most favorable to plaintiff:

These parties have filed or been part of a number of lawsuits pitting plaintiff against one or more

defendants. Only two such lawsuits are relevant to this summary judgment order. Plaintiff brought both such actions in the District Court of Sedgwick County, Kansas. In the first, Case Number 10CV339 ("the 339 case"), plaintiff sued Frobish, CLVCA and others to gain access to records, reduce the 2010 condominium dues assessment and stop the destruction of certain portions of common property. In the second, Case Number 10CV2682 ("the 2682 case"), plaintiff sued Frobish and seven other individuals for conversion and breach of fiduciary duty.

In the 339 case, the Sedgwick County district court dismissed some defendants before the case was finally decided, and on July 6, 2010, the court granted summary judgment to Frobish and CLVCA, the only remaining defendants. See Motion Minutes Order (Doc. #352-23).[1] In a Journal Entry dated August 20, 2010, the court awarded the following attorney fees and costs pursuant to the grant of summary judgment: (1) $3,526.97 to CLVCA from plaintiff, which consisted of $1,077.47 in costs and expenses and $2,449.50 in attorney fees; and (2) $1,414.50 to Frobish from plaintiff for attorney fees. See Journal Entry (Doc. #352-22). Plaintiff later filed a motion to reconsider the summary judgment. On September 24, 2010, the court denied his motion and awarded additional attorney fees and costs to both defendants in the amount of $650.00. The court did not allocate the $650.00 award between Frobish and CLVCA, but in its handwritten Motion Minutes Order stated that "defendant's request for additional attorney fees and costs in the amount of $650 is hereby granted and found to be reasonable." Doc. #352-23.

The 339 case did not end with the court's denial of plaintiff's motion to reconsider. Although the record does not indicate when Frobish and CLVCA filed the motion, at some later date they moved

---

[1] Plaintiff concedes that the Court may take judicial notice of the orders and other documents filed in the Eighteenth Judicial District Court of Kansas (Sedgwick County). See Plaintiff's Responses To Defendants' First Request For Admissions To Plaintiff (Doc. #352-26).

-4-

for "additional orders as related to the agreed order of April 29, 2010." See Motion Minutes Sheet (Doc. #220-14) at 1. The court denied the motion and wrote the following entry on the Motion Minutes Sheet dated July 8, 2011: "If plaintiff has violated the agreed order the appropriate method to address that violation is by contempt proceeding. The order in this case awarding attorney fees and costs to defendant against plaintiff is a judgment and defendant is entitled to use all remedies under law to collect on this award. Request for attorney fees by plaintiff is denied." Id. Frobish and/or CLVCA thereafter moved for contempt, and on July 29, 2011 the court held an evidentiary hearing on the motion. In a Journal Entry dated August 12, 2011, the court found that plaintiff was in contempt for violating paragraph two of the court's order dated April 29, 2010, which had enjoined plaintiff from contacting certain individuals by email. As a consequence, the court ordered plaintiff to pay reasonable expenses for the affected individuals to block receipt of plaintiff's emails and awarded $1,000.00 in attorney fees and $33.60 in costs. See Journal Entry (Doc. #352-25).

So far as the Court can determine, the record contains a single document relating to the 2682 case. The case caption is "Jerry Berg vs. Jon L. Frobish, et al.," but the remaining defendants are not named. See Motion Minutes Sheet (Doc. #352-26) at 10. Plaintiff asserts that the case was one for conversion of common funds against eight individual defendants, and for purposes of this order, the Court assumes that to be true. On October 15, 2010, the court held a hearing on defendants' motion for attorney fees, granted the motion and awarded "attorney Frobish" attorney fees in the amount of $3,657.00. See Motion Minutes Sheet (Doc. #352-26) at 10.

While the parties disagree on most of the facts relating to the existence, legality and other details of CLVCA invoices to plaintiff and a CLVCA lien on plaintiff's unit arising out of the 339 and 2682 cases, it is undisputed that the total amount of attorney fees and costs awarded to CLVCA and/or

Frobish in these two cases is $9,248.47.[2] Defendants' efforts to collect this $9,248.47 are the subject of plaintiff's claim in Count 4 that defendants violated the FDCPA. See Pretrial Order (Doc. #344) at 6-7.

## **Analysis**

Congress enacted the FDCPA to eliminate abusive debt collection practices, insure competitive equity in debt collection and promote consistency in the state regulation of debt collection practices. See 15 U.S.C. §1692(e). Generally, in connection with the collection of a debt, the FDCPA prohibits debt collectors from (1) engaging in harassing, oppressive or abusive conduct; (2) using false, deceptive or misleading representations or means; and (3) using unfair or unconscionable means. See Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002) (citing 15 U.S.C. §§ 1692d, 1692e, 1692f) (substantive heart of FDCPA lies in these prohibitions).

Plaintiff asserts that all defendants are debt collectors for the owners of CLVCA properties as that term is defined in the FDCPA. Plaintiff further alleges that each defendant committed one or more violations of the FDCPA by asserting claims in false and exaggerated amounts; asserting false events, dates, legal status, name of original claimant and characterization; asserting claims unauthorized under the enabling agreement; threatening an action that cannot legally be taken; refusing to itemize or verify; making collection efforts after demand for verification; attempting to collect by false or deceptive means; threatening to seize or sell property with no intent to do so; attempting collection by harassment at unusual time and place; harassment by improper communications with third persons and by publication to third persons (including non-owners) of plaintiff's name and false amounts of their

---

[2] This total does not include the $1,000.00 in attorney fees and $33.60 in costs that the court ordered plaintiff to pay following the court's finding that plaintiff was in contempt in the 339 case.

claims. See Pretrial Order (Doc. #344) at 38-39.

Defendants argue that they are not debt collectors and that their actions to collect the state court judgments for attorney fees and expenses were authorized and complied with the FDCPA. See Pretrial Order (Doc. #344) at 46. The Court agrees that defendants are not debt collectors, and that plaintiff's claim is not one for the collection of a consumer debt. Therefore defendants' actions are not subject to the FDCPA.

**I.      Collection Of A Consumer Debt**

Congress included in the FDCPA the following declaration of purpose:

> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). Accordingly, a threshold requirement of the FDCPA is that the allegedly violating actions are undertaken in an attempt to collect a debt. Mabe v. G.C. Servs. Ltd. P'ship, 32 F.3d 86, 87-88 (4th Cir. 1994). The statute defines "debt" as follows:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Plaintiff argues that Tenth Circuit case law holds that the assessment at issue in this case is a debt, citing Ladick v. Van Gemert, 146 F.3d 1205, 1206-07 (10th Cir. 1998). In Ladick, defendant lawyer sent a letter to plaintiff attempting to collect a past-due condominium assessment fee. Plaintiff brought suit, alleging that the letter violated the FDCPA because it failed to give a validation notice or make certain disclosures. Id. at 1205-06. Defendant argued that the condominium assessment was not

a debt under the FDCPA because it did not involve an extension of credit or, if an extension of credit was not necessary to meet the statutory definition, because plaintiff's obligation to pay did not arise from a transaction or agreement with the condominium association. Id. at 1206. The Tenth Circuit rejected defendant's arguments and held that an obligation to pay a condominium assessment arises in connection with the purchase of the condominium itself, thereby making it an "obligation of a consumer to pay money arising out of a transaction." Id. (quoting 15 U.S.C. § 1692a(5)). The court also held that condominium fees used to maintain and repair the common area have a primarily "personal, family, or household purpose" and for that additional reason the assessment qualifies as a debt under the FDCPA. Id. at 1206-07 (quoting 15 U.S.C. § 1692a(5)).

As plaintiff has consistently argued, the $9,248.47 amount does not represent a general common assessment lien or a special assessment. See, e.g., Pretrial Order (Doc. #344) at 13, 31; Plaintiff's Memorandum In Support Of The Motion For Summary Judgment On FDCPA Violations And Partial Summary Judgment As To Fraud (Doc. #350) filed August 16, 2013, at 35, 37. Instead, the amount represents judgments consisting of attorney fees and costs awarded against plaintiff in two state court lawsuits. Defendant argues and plaintiff agrees that the genesis of the obligation controls whether a disputed amount is a debt under the FDCPA. See Defendants' Memorandum In Response To Plaintiff's Motion For Summary Judgment On FDCPA Violations And Fraud Claims (Doc. #356) filed September 6, 2013, at 29; Plaintiff's Reply To Defendants' Response To Plaintiff's Motion For Summary Judgment On FDCPA Violations And Fraud (Doc. #357) filed September 10, 2013, at 27-28. In other words, the determinative question is whether the $9,248.47 is an "obligation of a consumer to pay money

arising out of a transaction." 15 U.S.C. § 1692a(5).[3] The Court concludes that it is not.

The attorney fees and costs awarded form part of the judgments in the 339 and 2682 cases . See Motion Minutes Sheet (Doc. #220-14) at 1 ("The order in this case awarding attorney fees and costs to defendant against plaintiff is a judgment . . . ."). In the 339 case, plaintiff sued Frobish, CLVCA and others to gain access to records, reduce the 2010 condominium dues assessment and stop the destruction of certain portions of common property. In the 2682 case, plaintiff sued Frobish and seven other individuals for conversion and breach of fiduciary duty. Defendants prevailed in both cases. The attorney fees and costs in these cases do not result from a consumer transaction, whether it be a business dealing or another consensual obligation. As a result, the alleged debt in this case did not involve a consumer transaction involving primarily personal, family or household purposes. See Antoine v. State Farm Mut. Auto. Ins. Co., 662 F. Supp. 2d 1318, 1325-28 (same reason to dismiss applies to both Florida consumer protection law and FDCPA counts; civil tort judgment not debt because tortious conduct not consumer transaction); see also Durso v. Summer Brook Preserve Homeowners Ass'n, 641 F. Supp. 2d 1256, 1263-65 (M.D. Fla. 2008) (homeowner association fines assessed against homeowner not debt because no business dealing or consensual obligation and thus no transaction; distinguishing Ladick where obligation created by promise to pay for particular good or service).

Defendants argue that no debt exists because plaintiff's obligation to pay arose from a judgment. See Doc. #356 at 30. The Court disagrees with such a broad statement. Instead, the Court agrees with the reasoning and result in Polanco v. NCO Portfolio Mgmt., Inc., 930 F. Supp. 2d 547, 551-52 (S.D.N.Y. 2013), which held that a claim under the FDCPA is not subject to dismissal simply because

---

[3] For purposes of determining whether the amount is a debt under the FDCPA, the Court need not consider the validity of the alleged release that plaintiff claims relieves him of the obligation to satisfy these judgments.

-9-

a court order is the source of a non-consumer debt; instead, the determinative factor is the nature of the debt obligation subject to that order. Id. at 551. Here, plaintiff's debt obligation to defendants in the 339 and 2682 cases did not arise out of a consumer transaction. Therefore, defendants have not been trying to collect a debt as defined by the FDCPA. For that reason, summary judgment is warranted on Count 4 of plaintiff's petition.

**II.     Debt Collector**

Even if the attorney fees and costs constituted a debt under the FDCPA, plaintiff could not prevail on Count 4 because he has not shown that any defendant is a "debt collector." A debt collector is one who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Certain persons are excluded from the definition of debt collector, including a person who collects or attempts to collect a debt to the extent that such activity is incidental to a bona fide fiduciary obligation or such activity concerns a debt which was originated by such person. See 15 U.S.C. § 1692a(6)(F).

As judgment creditors, Frobish and CLVCA are statutorily excluded from the definition of debt collector. They undertook to collect attorney fees and costs awarded to them in the 339 and 2682 cases on their own behalf. Frobish and CLVCA were not collecting or attempting to collect debts "owed or due or asserted to be owed or due another." See Davis Lake Comm. Ass'n, Inc. v. Feldmann, 530 S.E.2d 865, 868 (N.C. Ct. App. 2000) (homeowners association suing to collect past due assessments not debt collectors because trying to collect own debt). Accordingly, Frobish and CLVCA are not debt collectors.

CREM, Fugit and Palmer are also statutorily excluded from the definition of debt collector

because their efforts to collect the judgments were incidental to a bona fide fiduciary obligation.[4] CREM acted under contract with CLVCA as the association's managing agent from June 16, 2008 through December 31, 2011. See Condominium Management Agreement (Doc. #217-12). Palmer succeeded CREM in that capacity from January 1 through December 31, 2012. See Property Management Agreement (Doc. #187-10). Their duties included collecting funds as directed by the board. See Doc. #217-12 at 3; Doc. #187-10 at 4; see also Doc. #350 at 35. Even if the judgments were not funds contemplated by the management agreements, the nature of the agreements created a fiduciary relationship between CLVCA and Fugit, CREM and Palmer.[5] See Madura v. Lakebridge Condo. Ass'n Inc., No. 8:07-cv-02274-T-17EAJ, 2009 WL 536537, at *3 (M.D. Fla. March 3, 2009) (property management company has fiduciary duty to collect fees which are payable to company as property manager not as debt collector); Reynolds v. Gables Residential Servs., Inc., 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006) (written agreement and general relationship between community manager and property owner reveal fiduciary relationship). Accordingly, CREM, Fugit and Palmer are excluded from the definition of debt collector. For this additional reason, summary judgment should be entered against plaintiff on Count 4.

## III. Statute Of Limitations

The FDCPA authorizes a plaintiff to bring an action to enforce any liability created thereunder "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). As the Court has

---

[4] Plaintiff makes no allegations against Fugit, the CREM managing partner, apart from those he makes against CREM and Fugit "doing business as Cross Real Estate Management, LLC."

[5] CLVCA's contract with Palmer specifically states that the parties "agree that the relationship is a fiduciary relationship." Doc. #187-10 at 6.

determined as a matter of law, plaintiff's FDCPA claim cannot stand because defendants were not attempting to collect a debt and defendants were not debt collectors. In addition, many of plaintiff's allegations cannot stand as a basis for an FDCPA claim because they concern actions which occurred before March 30, 2011. See, e.g., Pretrial Order (Doc. #344) ¶ 5a (Plaintiff's Factual Contentions) subparagraphs 15, 16, 26, 29, 30, 33. Those allegations which address conduct that occurred before March 30, 2011, are barred by the statute of limitations. See Omran v. Beach Forest Subdiv. Ass'n, No. 12-10116, 2012 WL 1676688, at *3 (E.D. Mich. May 11, 2012).

### IV. Supplemental Jurisdiction

Defendants removed this action from the District Court of Sedgwick County, Kansas, asserting subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). See Notice Of Removal (Doc. #1). The only count which involves a federal question is Count 4, the FDCPA claim. The remaining counts allege state law causes of action.

The Court has determined that summary judgment should be entered on the FDCPA claim. Where the Court has dismissed all claims over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). The Court will not exercise supplemental jurisdiction in this case.

**IT IS THEREFORE ORDERED** that Defendants' Motion For Summary Judgment (Doc. #351), filed August 16, 2013 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that all other pending motions be and hereby are **OVERRULED AS MOOT. The case is hereby remanded to the District Court of Sedgwick County, Kansas.**

Dated this 12th day of December, 2013, at Kansas City, Kansas.

>    s/ Kathryn H. Vratil
>    KATHRYN H. VRATIL
>    United States District Judge