IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JERRY L. BERG,** ) | |
| ) | |
| **Plaintiff/** ) | |
| **Counterclaim Defendant,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1123-KHV |
| **JON L. FROBISH, et al.,** ) | |
| ) | |
| **Defendants/** ) | |
| **Counter Claimants.** ) | |
| _____ ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On September 4, 2014, Magistrate Judge Kenneth G. Gale issued a report and recommendation with respect to defendants' Motion For Legal Fees (Doc. #374) filed December 26, 2013. See Report And Recommendation On Defendants' Motion For Legal Fees (Doc. #383). Judge Gale recommended that the Court deny defendants' motion because defendants presented no evidence to support a fee award and have not established that plaintiff acted in bad faith. Judge Gale further found that defendants incurred many of the legal fees which they now seek as a result of their removal of the case to federal court, and that the facts and law which resulted in dismissal of the federal cause of action were apparent when defendants removed the case. Finally, Magistrate Gale found that the Sedgwick County District Court – where the bulk of plaintiff's claims remain pending on remand – should resolve the fee issue upon final disposition of the entire case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(a), Fed. R. Civ. P., the parties had 14 days to file written objections. This matter comes before the Court on plaintiff's Objection To Findings Of Fact, Conclusions Of Law And Recommendations In Report And Recommendation On Defendants' Motion For Legal Fees (Doc. #384) filed September 11, 2014 and the Objection Of Defendants To Report And

Recommendation Of Magistrate On Defendants' Motion For Legal Fees (Doc. #385) filed September 17, 2014.

## **Legal Standards**

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). With regard to fact findings, the Court applies a deferential standard which requires the moving party to show that the magistrate judge order is clearly erroneous. See Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). Under this standard, the Court is required to affirm the magistrate judge order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court generally defers to magistrate judge and overrules only for clear abuse of discretion).

With regard to legal matters, the Court conducts an independent review and determines whether the magistrate judge ruling is contrary to law. See Sprint Commc'ns Co. v. Vonage Holdings Corp., 500 F. Supp.2d 1290, 1347 (D. Kan. 2007). Under this standard, the Court conducts a plenary review and may set aside the magistrate judge decision if it applied an incorrect legal standard or failed to consider an element of the applicable standard. See, e.g., McCormick v. City of Lawrence, Kan., No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005).

Upon objection to a magistrate judge report and recommendation on a dispositive matter, the

Court reviews de novo "those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In conducting a de novo review, the Court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995).

## Analysis

Defendants' objection sets forth detailed facts, supported by affidavits and record evidence, regarding plaintiff's conduct, including filing prior frivolous lawsuits against defendants, sending defendants threatening emails and disrupting board meetings of defendant Cedar Lakes Village Condominium Association. Plaintiff agrees with the conclusion of the report and recommendation, but asks the Court to insert an admonition that the factual allegations in defendants' motions are unsupported and that "an award of attorney fees would be incongruous with the guidance" of Fed. R. Civ. P. 11(b) and 12(f). See Doc. #384.

In support of their objection, defendants have filed a 104-page brief and nearly 300 pages of exhibits. Defendants' objection sets forth detailed facts regarding plaintiff's conduct, including filing frivolous lawsuits against defendants, sending defendants and counsel threatening emails and disrupting board meetings of Cedar Lakes Village Condominium Association. Defendants assert that plaintiff's conduct constitutes bad faith which supports an award of attorney fees under 15 U.S.C. § 1692k(a)(3) and the Court's inherent equitable power.

The Court has carefully reviewed the objections. Judge Gale's report and recommendation correctly found that in support of their motion for legal fees, defendants presented no evidence that plantiff brought the case in bad faith, and thus did not establish that they are entitled to fees. Judge Gale also correctly found that defendants incurred many of the legal fees which they now seek as a result of

their removal of the case to federal court, and that the facts and law which resulted in dismissal of the federal cause of action were apparent when defendants removed the case. Finally, the Court agrees that the Sedgwick County District Court should determine the fee issue upon final disposition of the entire case.

**IT IS THEREFORE ORDERED** that plaintiff's Objection To Findings Of Fact, Conclusions Of Law And Recommendations In Report And Recommendation On Defendants' Motion For Legal Fees (Doc. #384) filed September 11, 2014 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Objection Of Defendants To Report And Recommendation Of Magistrate On Defendants' Motion For Legal Fees (Doc. #385) filed September 17, 2014 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report And Recommendation On Defendants' Motion For Legal Fees (Doc. #383) be and hereby is adopted in its entirety.

**IT IS FURTHER ORDERED** that defendants' Motion For Legal Fees (Doc. #374) filed December 26, 2013 be and hereby is **OVERRULED**.

Dated this 2nd day of October, 2014, at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            KATHRYN H. VRATIL
                                            United States District Judge