IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JERRY L. BERG,** ) | |
| ) | |
| **Plaintiff/Counterclaim Defendant,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-1123-KHV |
| **JON L. FROBISH, et al.,** ) | |
| ) | |
| **Defendants/Counter Claimants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On December 12, 2013, the Court entered an order granting summary judgment in favor of defendants on plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. See Memorandum And Order (Doc. #372) at 11-12. The Court declined to exercise supplemental jurisdiction over remaining claims between the parties and remanded the case to the District Court of Sedgwick County, Kansas. Id. at 12; Judgment (Doc. #373) filed December 12, 2013. Defendants thereafter asked the Court to award attorney fees under 15 U.S.C. § 1692(k)(A)(3) and the condominium association declaration. See Motion For Legal Fees (Doc. #374) filed December 26, 2013. The Court referred the matter to Magistrate Judge Kenneth G. Gale. See Doc. #382. The magistrate judge recommended that the Court overrule the motion. See Doc. #382; Report And Recommendation On Defendants' Motion For Legal Fees (Doc. #383) filed September 4, 2014. All parties objected to the recommendation. See plaintiff's Objections To Findings Of Fact, Conclusions Of Law and Recommendations In Report And Recommendation On Defendants' Motion For Legal Fees (Doc. 383) (Doc. #384) filed on September 11, 2014; Objection Of Defendants' [sic] To Report And Recommendation Of Magistrate On Defendants' Motion For Legal Fees (Doc. #385) filed September 17, 2014. On October 2, 2014, the Court entered an order which overruled the objections

and adopted in its entirety the magistrate judge report and recommendation. See Order Adopting Report And Recommendation (Doc. #389). Specifically, the Court agreed with Judge Gale that (1) defendants had presented no evidence that plaintiff brought the case in bad faith; (2) defendants incurred many of the legal fees as a result of the fact that they removed the case to federal court; and (3) the Sedgwick County District Court should determine the fee issue upon final disposition of the entire case. Id. at 3-4.

This matter comes before the Court on plaintiff's Motion To Strike And For Sanctions (Doc. #388) filed October 1, 2014. Alleging numerous instances of intentional pleading misconduct, plaintiff asks the Court to strike defendants' objection to the magistrate judge recommendation (Doc. #385) and impose sanctions on defendants under Rule 11, Fed. R. Civ. P. Motion To Strike And For Sanctions (Doc. #388) at 1-11.

As a preliminary matter, because the Court overruled defendants' objection, plaintiff's motion to strike the objection is moot. With regard to the request for sanctions, plaintiff did not file a separate motion and provides no evidence that he complied with the safe harbor provision of Rule 11.[1] Plaintiff's failure to comply with these procedural requirements precludes an award of Rule 11 sanctions, and might even justify Rule 11 sanctions against plaintiff. See Agjunction LLC v. Agrian Inc., 14-2069-DDC, 2015 WL 416440, at *8 (D. Kan. Jan. 30, 2015); Butler v. Target Corp., 12-4092-SAC, 2012 WL

---

[1] Rule 11(c)(2) sets forth procedural requirements for parties seeking sanctions. See Fed. R. Civ. P. 11(c)(2). The moving party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct which allegedly violates Rule 11(b). See Fed. R. Civ. P. 11(c)(2). The moving party must serve the motion on the opposing party. See id. If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions with the court. See id. The plain language of the rule indicates that this procedure is mandatory. See Rubio ex re. Z.R. v. Turner Sch. Dist. No. 202, 475 F. Supp.2d 1092, 1101 (D. Kan. 2007). These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or acknowledge that it does not currently have evidence to support a specified allegation. Id.

5362974, at *5 (D. Kan. Oct. 31, 2012); Davis v. Bruce, No. 00-3051-CM, 2006 WL 3848941, at *1 (D. Kan. Dec. 7, 2006).  Accordingly, the Court overrules plaintiff's motion.[2]

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Strike And For Sanctions (Doc. #388) filed October 1, 2014 be and hereby is **OVERRULED**.

Dated this 15th day of December, 2015, at Kansas City, Kansas.

                                                        s/ Kathryn H. Vratil
                                                        KATHRYN H. VRATIL
                                                        United States District Judge

---

[2] Even if plaintiff complied with the safe harbor provisions of Rule 11, the Court would not award sanctions in this case.  After remand, the state district court judge overruled the parties' cross motions for sanctions.  See Journal Entry On Sanctions, Exhibit A to Motion To Strike And For Sanctions (Doc. #388).  In particular, the judge found that both plaintiff and defendants engaged in misconduct and bad faith and violated K.S.A. § 60-211, i.e. the state court counterpart to Rule 11.  See id. at 5-10.  Specifically, the state district judge stated as follows:

> This Court finds that the parties for the action have committed almost every violation of K.S.A. 60-211 imaginable.  These violations are pervasive and this pleading misconduct continues even in the pleadings related to the issue being discussed today.  Quite frankly, I have never before seen K.S.A. 60-211 violations in briefs related to K.S.A. 60-211 violations.

Id. at 10.  Because plaintiff has engaged in equally culpable conduct, the Court would decline to impose Rule 11 sanctions against defendants under the circumstances of this case.  See, e.g., Pilone v. Basik Funding Inc., No. 05-3798 (AET), 2007 WL 203948, at *5 (D.N.J. Jan. 24, 2007) (overruling motion for Rule 11 sanctions where both parties failed to behave reasonably); Kassner v. Ashley Plaza Mall Assoc., 758 F. Supp. 939, 941 (S.D.N.Y. 1991) (refusing to impose sanctions where counsel for both parties engaged in frivolous motion practice).